IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN TRACY JOSEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0335 |
| | § | |
| BRYAN COLLIER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Paroles Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Came this day for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JOHN TRACY JOSEY on December 16, 2004.[1] By his habeas application, petitioner appears to be challenging the legality of the conditions relating to the revocation, on November 23, 2003, of his mandatory supervision release, resulting from a state court conviction for driving while intoxicated III out of the 27th Judicial District Court of Bell County, Texas.

Petitioner's Grounds

The Court understands petitioner JOSEY's allegations to be that:

1. He was held in custody for thirty-one (31) months before his revocation hearing and did not receive a ruling on his appeal to the parole board;
2. He is entitled to receive credit against his sentence for street time while on mandatory supervision release; and
3. His mandatory release revocation violated procedures set by Texas law.

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

Respondent filed a Motion to Dismiss or Alternatively an Answer on March 24, 2005 wherein he fully and accurately briefed the issue of failure to exhaust. Respondent is correct that all of petitioner's claims except one are unexhausted. Therefore, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus should be DISMISSED as unexhausted. As for the remaining claim regarding the failure of state authorities to schedule a revocation hearing, respondent has accurately briefed such claim at pages 7 - 9 of the March 24, 2005 Motion to Dismiss. It is the opinion of the undersigned that such claim should be DISMISSED as not cognizable on federal habeas review, or alternatively, DENIED because petitioner has failed to demonstrate prejudice.

## RECOMMENDATION

For the reasons set forth in respondent's March 24, 2005 Motion to Dismiss, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JOHN TRACY JOSEY be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this    2nd    day of September 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).